PERKINS v. STATE OF INDIANA.

[No. 26,217.   Filed June 28, 1934.   Rehearing denied September 20, 1934.]

*W. S. Henry,* for appellant.

*James M. Ogden,* Attorney-General, and *James T. Dowling,* Deputy Attorney-General, for the State.

HUGHES, C. J.—The appellant, Richard Perkins, was indicted by the Marion county Grand Jury upon one count for murder in the first degree. The cause was

venued to the Hancock circuit court. The appellant, defendant below, upon his plea of not guilty, was tried by a jury, found guilty as charged, and sentenced to death by the judge of the Hancock Circuit Court.

The appellant was indicted and convicted for killing one Carl Heckman, a member of the Indianapolis police force, on January 3, 1931.

The error assigned by appellant is that the trial court erred in overruling appellant's motion and supplemental motion for a new trial.

The appellant assigns seven reasons for a new trial as follows:

(1) The court erred in overruling the defendant's motion to withdraw the case from the jury and discharge the defendant upon the grounds that the jury had been asked, and had said that they would fix the penalty of death as a part of their verdict if the circumstances in their judgment warranted it.

(2) The court erred in instructing the jury that under an indictment for first degree murder they could only find him guilty or not guilty of first degree murder. That no lesser degree could be found by the jury against the defendant.

(3) The court erred in permitting evidence to be offered against the defendant of alleged robberies that were alleged to have been committed.

(4) The court erred in instructing the jury that if the officers believed at the time of the alleged arrest, that the defendant, Perkins, was in the act of committing a robbery, or was there for the purpose of conducting a robbery, that they were justified in making the arrest.

(5) That the verdict of the jury is not sustained by sufficient evidence.

(6) That the verdict of the jury is contrary to the evidence.

(7) The seventh reason being the same as the fifth and sixth.

The supplemental motion for a new trial presents six reasons, all relating to instructions; the appellant contends that the court erred in giving instructions 6, 34, 35, 36, and 42.

Under the first assignment of error, we do not think the court committed error in overruling the motion of the defendant to withdraw the case from the jury. In the instant case, it was the duty of the trial judge to fix the penalty for the crime for which the defendant was found guilty. That penalty was either death or life imprisonment, and it was certainly proper for the prosecuting attorney to ask the prospective jurors if they had any objection or conscientious scruples to the death penalty. If they had, and knowing that the court might inflict the death penalty, they might refuse to return a verdict of guilty, even though the evidence and the law might justify it.

The appellant contends that the court erred in permitting evidence to be introduced by the state against the defendant of alleged robberies he had committed.

The general rule may be stated without citation of authorities, that proof of collateral crimes is inadmissible, but there are exceptions to the rule. We believe that the evidence in the instant case is within the exception. The evidence clearly shows that the defendant, just prior to January 3, 1931, had robbed several drivers of laundry trucks; that on the night in question he and another party stopped by a laundry truck, and one of them looked in the truck, and the officers saw them. What then naturally operated on the defendant's mind? The answer is plain and conclusive. A guilty conscience told him that the officers suspected him of being guilty of the robberies he had committed; he knew that the officers were looking for

the perpetrators of the felonies and he was prepared, if caught, to fight it out. And when spoken to by the officers he drew his gun and killed officer Heckman, not in self-defense, as he claims, but, as he thought, to resist arrest for the felonies he had committed. This was his motive in the killing, and the evidence admitted was proper to show the motive.

It has been held that evidence introduced to prove the motive of the crime for which the accused is on trial points him out as guilty of an independent and totally dissimilar offense is not enough to bring about its rejection, if it is otherwise competent. *Anderson* v. *State* (1933), 205 Ind. 607, 186 N. E. 316. It has also been held that it may be shown that the victim of a homicide, for which the defendant is on trial, was a police officer, or other person who, when killed, was engaged in investigating the circumstances of another prior and independent crime of which the accused was suspected. And where the accused kills an officer who attempts to arrest him without a warrant, proof that the accused had committed a felony is competent, as that is necessary to justify an arrest without a warrant. *State* v. *Anderson, supra,* and cases cited.

In the case of *Anderson* v. *State, supra,* the case of *People* v. *Governale* (1908), 193 N. Y. 581, 86 N. E. 554, is cited. In this case the accused shot a man and fled, and was subsequently found by two officers in a building where he shot the officers who were not in uniform, and killed one of them. The evidence of a prior crime was received because it might show the lawful character and purpose of the pursuit by the officers, as the right of the accused, whose claim was self-defense, to defend himself would not apply if he were being lawfully pursued by policemen after committing a felony. In the case of *People* v. *Morse* (1909), 196 N. Y. 306, 89 N. E. 816, quoted in the case of

*Anderson* v. *State, supra,* it was held that evidence of a highway robbery, although not competent to prove the fact of another crime was competent as a part of a continuous transaction, and to show that the defendant was liable to arrest, and as further showing the motive and intent of the defendant in firing the shot that killed the policeman.

We think that no error was committed by the court in admitting the evidence in question.

The appellant complains of instruction number 6, given by the court, which was as follows: "Malice is an essential element of murder in the first degree. Malice may be implied from the intentional and unlawful use of a deadly weapon in such manner as in all reasonable probabilities will and does in fact cause death." This instruction is not erroneous and the cases cited by appellant uphold the instruction instead of striking it down.

Instruction number thirty-four, as given by the court, first gives the statutory definition of felonies and misdemeanors and then states: "You are instructed that the crime of robbery is a felony." The appellant contends that the sentence above quoted from instruction number thirty-four, was confusing and misleading to the jury and inapplicable in the instant case. We do not think so in view of the evidence and facts in this case. We must bear in mind that for a few weeks prior to January 3, 1931, there had been twenty or more drivers of truck laundry wagons held up and robbed; that officers Miller and Heckman had been detailed to apprehend, if possible, the guilty parties; the officers mentioned on the evening of January 3, 1931, stationed themselves near a certain laundry truck on North Pennsylvania Street, and within a short time two colored men came down the street, and when along the side of the laundry truck they stopped and

hesitated; one of them looked in the truck and then looked and saw the car of the policemen when within twenty feet of the policemen's car, the policemen got out of their car and officer Miller walked up to Perkins and told him they were policemen and pulled his coat back, showing his badge and said: "We want to see who you are." They were colored men. The officer further said: "Men, what are you lingering around that truck for," and just then Perkins pulled his gun from his overcoat pocket and fired and ran. And from all the evidence it appears that this was the shot that killed Heckman. It is further in evidence that some of the truck drivers who had been held up had given a description of the two colored fellows who had been holding up the trucks to the police force, and Miller and Heckman had the description. There is no question but that the evidence conclusively shows Perkins was one of the men and was identified.

An officer may make an arrest for a felony without a warrant on view or upon information when he has reasonable or probable cause to believe that a felony has been committed by the person arrested. *Doering* v. *State* (1874), 49 Ind. 56. In the instant case several robberies, which are felonies, had been committed, and officers Miller and Heckman were looking for the perpetrators, and, upon the information they had, they were clearly within their legal rights to interrogate Perkins as to what he was doing around the laundry truck.

When the court, in the instruction, told the jury that robbery is a felony, he was doing nothing more than saying that if an officer has reasonable or probable cause to believe that a felony has been committed, he may arrest without a warrant. In the instant case, however, no arrest had been made with or without a warrant, and no attempt other than the questions, heretofore set out,

asked. Instruction number thirty-four, in our judgment, was not harmful to the appellant and could not in any way have misled the jury. On the question as to the evidence of other robberies, the court fully safeguarded the appellant in other instructions.

The appellant takes exception to that part of instruction number thirty-four, which says: "And when a person is properly and legally arrested by a police officer it is the duty of such person to peaceably submit to arrest." This certainly states the law and the appellant has no reason to complain of this statement.

Instruction number thirty-six relates to the right of an officer to make an arrest without a warrant. It is so plainly correct that the objection seems frivolous, and the same may be said to the objection made to instruction number thirty-seven.

Instruction number forty-two is as follows: "The defendant can not be convicted in this cause of action of either murder in the second degree or manslaughter, or for any other offense not charged in the indictment, for the reason he is only charged with murder in the first degree, therefore, he can only be convicted, if at all, of murder in the first degree, and then only if it has been proven by the evidence beyond a reasonable doubt that he is guilty of murder in the first degree as charged in the indictment."

The above instruction is not erroneous. The indictment charges murder in the first degree. Section 4 of the Act of 1929 (Acts 1929, ch. 54, p. 136, §10-3401, Burns 1933, §2402, Baldwin's 1934), provides that: "Whoever, purposely and with premeditated malice, kills any human being, is guilty of murder in the first degree, and on conviction shall suffer death or be imprisoned in the state prison during life. . . ." Section 5 (§9-2215, Burns 1933, §2403, Baldwin's 1934),

provides: "No person who is found guilty of any offense prescribed in this act shall be sentenced for a lesser offense than the offense charged in the indictment. . . ." Section 6, (§9-2216, Burns 1933, §2404, Baldwin's 1934) provides:

> "If any person charged with any of the offenses enumerated in this act is found guilty of the offense so charged, the jury, or the court trying the case, shall find the defendant guilty of the offense so charged, the jury, or the court trying the case, shall find the defendant guilty of the offense so charged and of no lesser offense, and the trial judge shall fix the penalty for the crime of which the defendant is found guilty, as prescribed in this act."

It is the contention of appellant that under a charge of first degree murder one may be found guilty of second degree murder or manslaughter. We do not think so. This court in the case of *Ramsey* v. *State* (1932), 204 Ind. 212, 183 N. E. 648, in construing the foregoing sections, said: "Section 5 is a limitation on the power of the judge of the trial court to sentence a convicted defendant for a lesser offense than the one charged, and prohibits suspension or commutation of sentence. The somewhat unsatisfactory phraseology of section 6 is evidently intended to mean that, when a defendant is on trial charged with the commission of one of the offenses enumerated in the act of 1929, he can not be found guilty of another offense. . . . We think it is evident from sections 5 and 6 of the act in question that the General Assembly intended to exclude 'lesser offenses' from the consideration of the court and jury, and to limit the issue to the guilt or innocence of the defendant of the offense expressly charged and as defined in that section under which the prosecution is brought." See *Witt* v. *State* (1933), 205 Ind. 499, 185 N. E. 645.

Guided by the construction of the act as above set

out, instruction forty-two is correct. We have carefully examined all other instructions, including the ones tendered by the defendant, and refused by the court, and those given by the court, and find there was no reversible error committed by the lower court in its rulings upon the same.

The evidence is sufficient to sustain the verdict. It shows a cold, deliberate, and wilful murder on the part of the defendant, and a disregard of human life. The evidence clearly shows he was a criminal at heart, and was prepared to take human life on the least provocation. There is not a single element of self-defense. The jury, under the evidence, could have returned no other verdict than the one returned, and have had any respect for their oaths, and the court did its duty when the death sentence was pronounced.

Judgment affirmed.