BRADLEY *v.* STATE OF INDIANA.

[No. 30,935. Filed January 5, 1968.]

*Ferdinand Samper,* of Indiananapolis, for appellant.

*John J. Dillon,* Attorney General, and *Donald R. Ewers,* Assistant Attorney General, for appellee.

ARTERBURN, J.—This is a criminal action commenced by the State of Indiana and by the filing of an affidavit charging the defendant-appellant with the crime of theft as defined by Acts 1963 (Spec. Sess.), ch. 10, § 3, p. 10, being Burns' Indiana Stat. Anno. § 10-3030 [Supp. 1967]. The issue was submitted to the court without a jury and resulted in a finding of guilty, as charged, and the defendant-appellant was sentenced accordingly.

The main contention of the appellant is that the evidence is insufficient to support the finding of guilty by the court. The evidence is rather brief. It consists of brief testimony of Robert Charles Robisch who stated that he accepted a check from the appellant Charles P. Bradley on May 30, 1965, in the amount of $150.00 and that he gave him $150.00 in cash for the check; that he deposited the check at the bank on which it was drawn and that it was mailed back to him with a slip attached thereto which was introduced in evidence (State's exhibit 2) which stated: "Unable to locate"; that he never got his $150.00 back.

The next witness was Leo C. Hittle, who testified he was supervisor and research clerk for the Indiana National Bank Bookkeeping Department, the bank on which the check was drawn. He states:

". . . I have searched our records to determine if a Charles P. Bradley on the 30th day of May, 1965 had an account. There was no account on record under *Charles P. Bradley Associates, Consulting Engineers.*"

State's exhibit 1 is the check which was introduced in evidence and the face of it is the same as that set forth in the indictment, to-wit:

"Indianapolis, Ind. May 30, 1965
NO. 106

THE INDIANA NATIONAL BANK    20-5
    OF INDIANAPOLIS                  712

PAY TO THE
    ORDER OF    Higgins Restaurant                    $150.00
    The SUM      *    *    *    150.00_____DOLLARS

Charles Bradley & Associates, Inc.
Consulting Engineers

/s/ Chas. P. Bradley
By Charles P. Bradley

ACCT. NO.—PROJ—
    0712      0005                          00000 1 5000"

The back of the check bore the stamp of the Indiana National Bank of Indianapolis showing it was presented for payment.

This case must be reversed for insufficiency of evidence. It is quite apparent that the check was signed and drawn on the account of *Charles Bradley & Associates, Inc. Consulting Engineers, by Charles P. Bradley.* There is no testimony whatever as to whether such account in the Indiana National Bank of Indianapolis had sufficient funds to pay the same. There is testimony (by witness Hittle from that bank) that there was no account under the name of *"Charles P. Bradley Associates, Consulting Engineers."* Of course, we all recognize that no bank would permit a check drawn by Charles Bradley & Associates, Inc., Consulting Engineers to be drawn on another account by the name of "Charles P. Bradley Associates, Consulting Engineers." Proof that there is no account on record under the name of "Charles P. Bradley Associates, Consulting Engineers" certainly is not proof that there is no account under the name which the check was drawn, namely "Charles Bradley & Associates, Inc., Consulting Engineers."

Acts 1963 (Spec. Sess.), ch. 10, § 10, p. 10, being Burns' Ind. Stat. Anno. § 10-3037 [Supp. 1967] under which this prosecution was brought, provides in part that:

"The fact that the drawer has insufficient funds in or has no account with the drawee credit institution shall create an inference that the actor knew that it would not be paid or honored by the depository: Provided, That such maker or drawer shall not have paid the drawee thereof the amount due thereon, together with protest fees, within thirty [30] days after receiving notice that such check, draft or order has not been paid by the drawee;"

There is no proof here that the drawer or maker (the appellant) received the thirty-day notice after which there was a failure to pay and upon which facts the inference arises.

For the reasons stated, the judgment of the trial court is reversed, with directions to grant the appellant a new trial.

Lewis, C. J. and Mote, Hunter and Jackson, JJ., concur.

NOTE.—Reported in 232 N. E. 2d 358.