BOYD *v.* STATE OF INDIANA.

[No. 1269S289. Filed February 25, 1971. Rehearing denied April 1, 1971.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *William F. Thompson,* Assistant Attorney General, for appellee.

PRENTICE, J.—Defendant (Appellant) was convicted of the crime of uttering a false check under the provisions of the Acts of 1905, ch. 169, § 676 (1956 Repl.) Burns' § 10-2102. His appeal is predicated upon the alleged insufficiency of the evidence and an error at law in that the trial court overruled his motion for discharge made at the close of the trial, both of which related to variances between the allegations of the affidavit and the evidence.

The affidavit charged that the defendant did "* * * utter, publish, pass and deliver to H. D. Osborne, as true and genuine, a certain false, forged and counterfeit check for the payment of money, * * *."

"* * * said pretended check purporting to have been made and executed by one James Stone in favor of Billy B. Boyd, which said false, forged and counterfeit check is of the following tenor, viz:

FIRESIDE RESTAURANT & BAR                    2497
522 East Raymond Street
Indianapolis, Indiana 46203

                        May 31, 1969                    20-7
                                                        712
Pay to the
order of        Billy M. Boyd                        $100.00
    Hundred Dollars      00      Dollars
                        100
American Fletcher                   Fireside Restaurant & Bar
National Bank &
Trust Company
Indianapolis            /s/      James Stone

with intent then and there and thereby feloniously, falsely and fraudulently to defraud the said H. D. Osborne, * * *."

From the evidence adduced at the trial, viewed most favorably to the State, it appears that the defendant entered the office of the Loyal Order of Moose, approached Laura Hannah, an office employee there, and asked her to cash a check that he had in his possession. The check was verbally identified by the witness, H. D. Osborne, as having been drawn upon the account of "Fireside South." The check itself, however, was subsequently identified and entered into evidence and is identical to the one reproduced in the affidavit. Miss Hannah took the check to the office of Mr. Osborne, who was at that time the Secretary and Manager of the Loyal Order of Moose. Mr. Osborne became suspicious of the check and told Miss Hannah to engage the defendant in conversation while he called the police.

Herbert Holt, the manager of the Fireside Restaurant & Bar, testified that the aforesaid exhibit, being the check the appellant attempted to cash, had previously been stolen from the Fireside Restaurant. He further stated that James Stone, whose signature appeared upon the check on behalf of the purported maker, was not an employee of the restaurant or authorized to sign its checks.

Officer Edward Foley of the Indianapolis Police Department testified that he had talked to the defendant following the latter's arrest and that at that time the defendant told Officer Foley that two men had burglarized the Fireside Restaurant and that certain checks were taken from it. Officer Foley further related that the defendant stated that he was given one of the checks by one of the two burglars and that he knew the check was "no good" when he received it, and further that he did, in fact, present the check at the Moose Lodge knowing the same to be "no good."

Subject to defendant's contention of material and fatal variances between the affidavit and the proof, which we shall

hereinafter dispose of, we find that the verdict is sustained by sufficient evidence.

Defendant maintained that the discrepancy between H. D. Osborne's testimony that the check was drawn upon the account of "Fireside South" and the facsimile appearing in the affidavit showing it to be drawn upon the account of "Fireside Restaurant & Bar" was a material and fatal variance. This position overlooks, or ignores, the subsequent introduction of the uttered check into evidence, which precisely matched the facsimile in the affidavit. The most that might be said is that Mr. Osborne's testimony on this point was in conflict with the exhibit, and even here it is logical to assume that "Fireside South" was a customary reference to "Fireside Restaurant & Bar."

Defendant's remaining bastion is that the affidavit charges him with intent to defraud H. D. Osborne, whereas the evidence discloses that if anyone had been defrauded by his acts, it would have been Mr. Osborne's employer, the Loyal Order of Moose. In support of his claim that this is a fatal variance he cites *Rhoades* v. *State* (1946), 224 Ind. 569, 70 N. E. 2d 27, and *Bradley* v. *State* (1968), 249 Ind. 330, 232 N. E. 2d 358. The *Rhoades* case is not analogous to the one at bar in that it was a prosecution for larceny. In such cases, as held therein, the name of the owner of the property alleged to have been stolen is a material allegation to an affidavit for grand larceny, for it is a part of the *description* of the property and must be established by the evidence. The res of the action is the property, and to sustain the negative proposition that it did not belong to the defendant, it becomes necessary to affirmatively show to whom it did belong. We find no case, however, holding that it is necessary in a case of uttering a false instrument to show the identity of the person sought to be defrauded. The res of this action is the instrument uttered and it is only necessary to show that it was false, known by defendant to be false and that it was

uttered by him with the representation that it was genuine and with intent to defraud. Specifically who was intended to be defrauded is not material. The intent to defraud is an essential element of the crime, but, if it is proved that the instrument was false and that the defendant had knowledge of its falsity but nevertheless uttered it with a representation that it was genuine in an attempt to obtain something of value, the intent to defraud will be inferred from the circumstances; and who would bear the loss is not significant.

We find no Indiana case where the court has ruled upon the necessity of alleging and proving the identity of a specific person, body politic or corporate intended to be defrauded by the uttering of a false instrument. Upon the basis of the foregoing, however, and upon the authority of the following cases from sister states, wherein it has been held that in a charge of uttering a false instrument it is not necessary to prove an intent on the part of the defendant to defraud a particular individual, but that it is sufficient to show that the defendant did the act charged with an intent to defraud, we hold that the variance complained of was not material and fatal. *Commonwealth* v. *Sheaffer* (1941), 149 Pa. S 51, 23 A. 2d 215; *Riley* v. *State,* 44 S. W. 498 (Tex., 1898).

The purposes of the rule prohibiting material variances between the allegations of the affidavit or indictment and the proof are to assure that the defendant is properly and adequately advised of the charges so that he may not be misled, and to protect against possible double jeopardy. *Kruger* v. *State* (1893), 135 Ind. 573, 35 N. E. 1019; *Headlee* v. *State* (1929), 201 Ind. 545, 168 N. E. 692.

There being no variance between the document alleged and proved, or between the occasion of its utterance as alleged and as proved, we conclude that defendant could not have been prejudiced by the variance complained of.

Finding no error, the decision of the trial court is affirmed. Arterburn, C.J. and DeBruler, Givan and Hunter, JJ. concur.

NOTE.—Reported in 266 N. E. 2d 802.