DAVID KEVIN JONES *v.* STATE OF INDIANA.

[No. 577S356. Filed July 10, 1978. Rehearing denied September 6, 1978.]

*Ferd Samper, Jr., Grant W. Hawkins, Samper, Samper & Hawkins,* of Indianapolis, *William F. Marshall, Dalmbert & Marshall,* of Columbus, for appellant.

*Theodore L. Sendak,* Attorney General, *Dennis K. McKinney,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, David Jones, was convicted by a jury of first-degree murder and sentenced to life imprisonment. He now appeals alleging that the trial court denied him an opportunity to re-file a plea of insanity and that there was insufficient evidence to support the verdict.

A summary of the facts from the record reveals the following. Mrs. Myrl Freeman was murdered at about 7:45 p.m. on November 7, 1975. The cause of death was established as multiple stab wounds. Her body was discovered the next afternoon by her son and daughter-in-law and blood was found splattered all over the kitchen. Two witnesses saw the defendant on the road in front of Mrs. Freeman's house at 7:55 p.m. on the evening of the murder. The front door of Mrs. Freeman's house was ordinarily kept locked and visitors entered the home by a side door. However, the day after the murder, the front door was found open, unbolted from the inside, and defendant's fingerprints were found on this door. There was testimony to the effect that the defendant admitted he killed Mrs. Freeman to a fellow inmate in the Bartholomew County jail.

## I.

The defendant originally filed a notice of a special defense of insanity in February, 1976. Then in July he moved to withdraw that plea and a hearing was held on the motion. The court allowed the special plea to be withdrawn, but he ad-

monished the defendant that once the plea was withdrawn it could not be reinstated. The court then entered an order granting the motion of the defendant with prejudice.

The defendant now contends that the judge's admonishment and the words "with prejudice" denied him the opportunity to re-file his plea of insanity and that this was reversible error. It is true that our statute allows a defendant to formally present the issue of insanity at any time prior to trial, Ind. Code § 35-5-2-1 (Burns 1975), and that the right to file such a plea cannot be cut off by the court declaring the issues closed, *Barber* v. *State*, (1925) 197 Ind. 88, 149 N.E. 896.

However, the record does not show that the defendant ever attempted to re-file his plea of insanity. While the judge's admonishment and order may have been interpreted as an intent not to allow a re-filing of the plea, the defendant did not ever attempt to re-file, so no error is preserved for review by this Court. Error can only be assigned on questions which are presented and determined by the trial court. *Misenheimer* v. *State*, (1978) 268 Ind. 274, 374 N.E.2d 523; *Hooten* v. *Alt*, (1963) 244 Ind. 93, 191 N.E.2d 13.

## II.

The defendant also contends that there was not sufficient evidence to prove that he was the perpetrator of the crime. He alleges that the state's chief witness was so untrustworthy as to be incredible and that there was only a slight amount of circumstantial evidence pointing to the defendant. The state's chief witness, William Burton, was a fellow inmate of the defendant. Burton was in the same prison as the defendant for fourth months and was a cellmate with the defendant on one occasion. He testified that the defendant admitted to him that he had killed Mrs. Freeman. The defendant alleges that since Burton is a convicted felon and has "curried favor" by

testifying against other cellmates his testimony is highly suspect and untrustworthy.

This Court has repeatedly held that in reviewing the sufficiency of the evidence we do not weigh the evidence or judge credibility. We consider only that evidence most favorable to the state, together with all reasonable and logical inferences to be drawn therefrom. When there is substantial evidence of probative value supporting the jury's verdict, the conviction will not be set aside. *Poindexter* v. *State*, (1978) 268 Ind. 167, 374 N.E.2d 509; *Grigsby* v. *State*, (1978) 267 Ind. 465, 371 N.E.2d 384; *Henderson* v. *State*, (1976) 264 Ind. 334, 343 N.E.2d 776.

In the instant case, the jury was aware of the circumstances surrounding Burton's testimony. Furthermore, Burton was able to relate several details of the murder scene which would only have been known to the perpetrator. This testimony along with the evidence of the fingerprints and the witnesses who saw defendant near the scene of the crime was sufficient to support the verdict. We do not have to find that circumstantial evidence is adequate to overcome every reasonable hypothesis of innocence but only whether an inference may reasonably be drawn therefrom tending to support the finding of the trial court. *McAfee* v. *State*, (1973) 259 Ind. 687, 291 N.E.2d 554.

For all the foregoing reasons, there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice and Pivarnik, JJ., concur.

NOTE.—Reported at 377 N.E.2d 1349.