**Gregory VARGO, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee.**

**No. 2–481A105.**

Court of Appeals of Indiana, Second District.

Dec. 28, 1981.

Geoffrey A. Rivers, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Richard Albert Alford, Deputy Atty. Gen., Indianapolis, for appellee.

SULLIVAN, Judge.

On November 13, 1980, Defendant Gregory Vargo was found guilty of Check Deception, a Class A Misdemeanor. On appeal he presents the following issues:

1) Whether the court was correct in excluding from evidence a letter proffered by Defendant and whether the court was correct in informing Vargo during the trial that "Sears is not even under a duty to see that you get the letter. Sears is only under a duty to send the letter and the duty is on you to make sure that you have ah, sufficient funds in a bank when you write the letter (sic)."; and

2) Whether there was sufficient evidence to sustain the conviction.

We affirm.

On July 25, 1980, an Information was filed in Delaware County Court # 1 charging Gregory Vargo with Check Deception, a Class A Misdemeanor.[1]

The State's only witness, Ezell Marrs, testified in his capacity as Credit Manager for Sears. Part of his duties consist of filing complaints for Sears with the Prosecutor's office for bad checks. State's Exhibit B is a check to Sears in the amount of $18.20 by Mr. Vargo dated March 26, 1980. The check bore the following printed designation:

Gregory or Phyllis Vargo

2411 E. 13th St.

Muncie, Indiana 47302

Vargo testified that on the day the check was written, he had more than sufficient funds to cover the check to Sears. Defendant's exhibit number 1 was a deposit slip dated 3–21–80 to American National Bank in the amount of one hundred thirty dollars. Defendant Vargo testified that the checks he wrote on this account totalled about one hundred two dollars and fifty-eight cents. Defendant Vargo's wife Phyllis, also deposited forty-five dollars and eighty-eight cents into his account on March 26, 1980.

Vargo additionally alleged that he received about twenty-seven pieces of mail that were addressed to his ex-wife but had been delivered to his house by mistake. Vargo testified that his ex-wife stated that she had mail of his which she refused to release. Vargo's present wife Phyllis was called to the stand to testify in Vargo's behalf and during her testimony Vargo attempted to introduce into evidence a letter sent to his ex-wife but delivered by mistake to Vargo's address. Vargo proffered the letter to show that the Post Office was making mistakes in separating his and his ex-wife's mail and was not delivering each person's mail to the proper address. Vargo alleged that this letter was relevant "to prove there is a possibility that we did not receive the letter." The court rejected the admission of this letter into evidence, premised upon the following objection:

"MS. SMITH: Your Honor, I object to the admission of this because it's irrelevant. Ah, the question of whether it actually was received by the defendant is not a question of, according to the statute,. all that the State needs to show is that the letter was sent to the address that was on the check at the time that the check was written and given to Sears."[2]

1. I.C. 35–43–5–5 (Burns Code Ed.Supp.1981) provides:

"Check deception.—(a) A person who knowingly or intentionally issues or delivers a check, draft, or order on a credit institution for the payment of or to acquire money or other property, knowing that it will not be paid or honored by the credit institution upon presentment in the usual course of business, commits check deception, a class A misdemeanor . . . ."

2. It should be noted that the letter proffered by Vargo was never formally offered into evidence and does not appear in the record before us. It must also be noted, however, that Vargo was not represented by counsel during his trial and although Specifications 1 and 2 of his Motion to Correct Errors asserted that:

"1. That the Court erred in not timely and sufficiently informing the defendant of his Constitutional and Statutory rights prior to arraignment and trial.

2. That the Court erred in not inquiring into the defendant's economic situation and in not inquiring whether the defendant desired and needed appointed or pauper counsel."

Vargo testified that he and Phyllis informed Mr. Shawhan (Assistant Store Manager at Sears) that they had not received the letter from Sears. Vargo explained the situation regarding the mail mixup to Shawhan and stated that had he known about the check he would have paid it off. Vargo testified that he initially found out about the check and insufficiency of funds when he received the summons and called the court and Prosecutor's office to inquire what the matter was about.

Upon learning of the insufficiency of funds which was on August 28, 1980, the Vargos went to Sears and made restitution

for the check. However, it was Sears' policy to refer to the Prosecutor's office any check marked insufficient funds which was not taken care of within twenty days after notification was sent, which in this case was May 1, 1980. Marrs, Sears' Credit Manager, testified that the letter notifying Vargo of insufficiency of funds was addressed to 2411 East 13th Street, Muncie, Indiana, 47302, the same address that appeared on Vargo's check.

## I.

We need not concern ourselves with the exclusion from evidence of the letter

his appellate brief specifically waived those alleged errors. With reference to advisement to the right of counsel and the consequences of proceeding without counsel, the record contains the following:

"THE COURT: Please be seated. Mr. Cobb, you're here for arraignment and what I'm going to say to Mr. Cobb applies to most of all of you who are here today. So, if you'll listen, we won't have to go through this with all of you. We'll get out of here a lot sooner. Mr. Cobb, you're here for arraignment. The purpose of arraignment is to advise you of your constitutional and statutory rights, the nature and character of the charges which have been filed against you and the penalties provided by law. And to provide you with an opportunity to plead, whether your plea be guilty, not guilty or you remain silent or any other plea provided by law. If you remain silent, a not guilty plea will be entered for you. Among your constitutional and statutory rights is the right to counsel. You have the right to represent yourself. You have the right to an attorney if you want one. If you want an attorney and cannot afford one, one will be appointed for you at public expense. If, however, you have money, means, or credit whereby you can retain your own lawyer, you are expected to do so. You have the right to bail. Bail is simply a means of guaranteeing to the Court that you will appear at such times as the Court orders. If you can offer the Court such a guarantee as satisfies the Court, you should be permitted to go free pending trial. You have the right to a speedy and public trial. By this we mean a trial as quickly as possible without inconvenience to you in preparing for trial and we mean a trial open to the public as opposed to one held in secrecy. We have secret trials in Indiana, but they are primarily juvenile proceedings. You have the right to require the State of Indiana at time of trial to prove you guilty beyond a reasonable doubt before you can be found guilty. You have

the right to confront those ... You're going to have to remove the baby. You have the right to confront those who would give testimony against you face-to-face in open Court. You also have the right of subpoena. That is, by Court order, to order persons to come to the Court to testify in your behalf. You have the right by proper legal motion to exclude any evidence which the State may have unlawfully obtained which it might otherwise seek to use against you at trial. You have the right to take the stand and testify in your own behalf. You also have the right to refuse to give testimony against yourself. The mere fact that you choose not to say anything cannot be used to infer anything against you. You have the right to a trial by a jury of six persons in this Court. The technical and legal effect of a plea of guilty is that you admit the material facts which are alleged against you in the charging information which will be read to you in just a moment. In the event of a plea of guilty, the Court will find you guilty and sentence you all without a trial. If you plead not guilty, then a trial date will be set for you here this morning. Do you understand? CDC1–80/1594, State of Indiana vs. Gregory Vargo. Raise your right hand and be sworn. Do you swear or affirm, under penalties of perjury of the State of Indiana that your testimony will be the truth, the whole truth, and nothing but the truth? If so, your answer should be 'I do.'

MR. VARGO: I do.

THE COURT: Please be seated. Are you Gregory Vargo?

MR. VARGO: I am.

THE COURT: Were you in this Courtroom when I read rights to others?

MR. VARGO: Yes ma'am.

THE COURT: Do you understand them or do you want them read to you?

MR. VARGO: I understand them.

THE COURT: Alright. Listen while the Prosecutor reads the charge."

which Vargo claims would disclose that the Post Office was sending mail addressed to him to the ex-wife and vice-versa. As noted in footnote 2, *supra*, the exhibit was never offered. Be that as it may, the validity, vel non, of such contention depends upon whether receipt of notice is necessary before a check deception prosecution may be successful. The pertinent law, I.C. 35–43–5–5 (Burns Code Ed.Supp.1978) at the time in question, provided in part:

"(e) A person who:

(1) Has an account with a credit institution but does not have sufficient funds in that account; and

(2) Issues or delivers a check, draft, or order for payment on that credit institution; does not commit a crime under subsection (a) of this section if he pays the payee or holder the amount due, together with protest fees and any service fee or charge, not exceeding ten dollars [$10] which may be charged by the payee or holder, within twenty [20] days *after the date of mailing* by the payee or holder of notice to the person that the check, draft, or order has not been paid by the credit institution. *Notice sent* to either (i) the address printed or written on the check, draft, or order or (ii) the address given by the person in writing to the payee at the time the check, draft, or order was issued *constitutes notice* to the person that the check, draft, or order has not been paid by the credit institution . . . ." (emphasis supplied).[3]

The prior law stated that the offense was committed unless the amount due was paid "within ten [10] days after *receiving* written notice . . ." (emphasis supplied). I.C. 35–17–5–10 (Burns Code Ed. 1975).

This progression evidences the legislature's intent to require only that the payee send notice as compared with the earlier statute which required that the maker receive notice. For this reason, Appellant's reliance on *Bradley v. State* (1968) 249 Ind. 330, 232 N.E.2d 358 is misplaced. The law as presently written requires the State to

prove that notice was sent, not that notice was received. The court did not err in its conclusion regarding Sears' duty of notification.

## II.

When sufficiency of the evidence is challenged, the court does not reweigh the evidence or judge the credibility of the witnesses. *Jones v. State* (1978) 268 Ind. 640, 377 N.E.2d 1349. Only that evidence most favorable to the State along with all reasonable inferences therefrom is to be considered. *Poindexter v. State* (1978) 268 Ind. 167, 374 N.E.2d 509.

Ezell Marrs, a Credit Manager for Sears identified State's Exhibit B, which was subsequently admitted into evidence, as being a check for eighteen dollars and twenty cents and presented to Sears on March 26, 1980 by Defendant Vargo. State's Exhibit B was written to the order of Sears, was signed by Gregory Vargo, and in the upper left hand corner had an address of 2411 East 13th Street, Muncie, Indiana, 47302. The check was marked, "Check returned for insufficient funds." State's Exhibit C consisted of a letter addressed to Vargo at the address printed on the check from Sears informing him that his check had been returned because of insufficient funds and telling him the date until which he had to make restitution for the check. Marrs testified that the letter to Vargo was dated April 11, 1980, and that Vargo did not make restitution for the check until August 8, 1980. This evidence was undisputed.

Citing *Hanrahan v. State* (1968) 251 Ind. 325, 241 N.E.2d 143, Appellant Vargo argues that the State has not shown that he had knowledge of the insufficiency of funds. That case held:

"Two elements must be proved to sustain a charge of issuing a fraudulent check . . . : (1) Appellant must have issued or delivered a check upon a credit institution for the payment of money, and, (2) appel-

---

**3.** The provision was amended in 1981 to change the time for payment from twenty to

within ten days after the date of mailing. I.C. 35–43–5–5 (Burns Code Ed.Supp.1981).

lant must have known that it would not be paid or honored by the drawee." 251 Ind. at 330, 241 N.E.2d at 146.

The statute expressly provides that evidence that a person had insufficient funds in an account with a drawee credit institution constitutes prima facie evidence that he knew that the check, draft, or order would not be paid or honored. Defendant Vargo did not overcome the State's prima facie case against him. As such, this Court concludes that there is sufficient evidence to sustain the verdict and that the verdict is not contrary to law.

Judgment affirmed.

BUCHANAN, C. J., and SHIELDS, J., concur.