**Willard W. LUCAS, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 29S00–8805–PC–498.**

Supreme Court of Indiana.

April 3, 1990.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Wendy Stone Messer, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of First Degree Murder and Kidnapping. He received a sentence of life imprisonment on both counts. That conviction was affirmed by this Court. *Lucas v. State* (1980), 274 Ind. 635, 413 N.E.2d 578.

In September of 1983, appellant filed a petition for post-conviction relief. This is an appeal from the denial of that petition.

The facts are: The original prosecution in this case was commenced in Hancock County. However, it was venued to Hamilton County where the Honorable V. Sue Shields assumed jurisdiction. Judge Shields granted a motion to suppress pretrial statements made by appellant. Shortly after making this ruling, Judge Shields was appointed to the Indiana Court of Appeals. The Honorable Donald E. Foulke assumed the judgeship in that court.

Appellant then filed a petition for a change of judge, which was granted. The first panel submitted for striking consisted of the Honorable Charles C. Daugherty, the Honorable Steven H. Frank, and the Honorable Richard Pearce. The striking resulted in the selection of the Honorable Richard Pearce as special judge. However, Judge Pearce failed to qualify and a second panel was appointed consisting of the Honorable Charles C. Daugherty, the Honorable David Caldwell, and the Honorable Frank P. Huse. After striking, the Honorable Charles C. Daugherty was chosen and qualified as the special judge.

Appellant filed a motion to suppress evidence in order to suppress any "fruits of the illegal confession" based on Judge Shields' order to suppress. The State filed a motion to reconsider the motion to suppress granted by Judge Shields. Judge Daugherty granted this motion, and appellant's motion to suppress was overruled. Trial eventually was held with the result above indicated.

■ Appellant claims the trial judge was ineligible to be included on the second panel and therefore did not have jurisdiction in the case. It is appellant's position that inasmuch as Judge Daugherty was one of the members of the first panel and in fact was the panel member stricken by appellant's counsel, he should not have been included in the second panel. Appellant cites Ind.R.Tr.P. 79(11) which states in part:

"Any regular judge of a circuit, superior, criminal, probate or juvenile court

and any member of the bar in this state shall be eligible for appointment in any of such courts as a special judge in any case pending in which he has not sat as judge or been named on a previous panel,...."

Also, in support of his position, appellant cites *Weatherford v. State* (1987), Ind., 512 N.E.2d 862. He concedes that *Weatherford* was decided on other grounds but that dictum in that case stated that had the case been at the initial trial level, appellant's position would have been correct, which is the situation in the case at bar.

However, appellant concedes that his attorney did not raise the question but in fact chose to not exercise his strike against Judge Daugherty as he had done on the previous panel. At the post-conviction hearing, appellant testified that he wanted to strike Daugherty again from the second panel and could not understand why he was on the panel. However, he stated that his attorney convinced him to keep Judge Daugherty because "he owes me a favor."

Appellant argues that notwithstanding his attorney's deliberate decision to retain Judge Daugherty, waiver should not deprive him of this issue in that he claims the error in allowing Judge Daugherty to sit and be chosen from the second panel was fundamental error.

Appellant takes the position that it was fundamental error for Judge Daugherty not to *sua sponte* remove himself from the second panel. He cites *Winston v. State* (1975), 165 Ind.App. 369, 332 N.E.2d 229, which makes the general holding that a trial judge errs in failing to perform a duty *sua sponte*, which is required by law.

In answer to appellant's contentions, the State cites *Bivins v. State* (1985), Ind., 485 N.E.2d 89 and *Powell v. State* (1982), Ind., 440 N.E.2d 1114. These cases hold that where a defendant does not object to an irregularity in the appointment of a special judge, but accepts the appointment, he submits to the jurisdiction and waives the irregularity.

Although the placement of Judge Daugherty on the second panel did in fact violate Ind.R.Tr.P. 79(11), we believe that, under the authority cited by the State, such error may be waived as it was clearly and deliberately done in this case and will not be considered as fundamental error absent a showing of actual bias or prejudice on the part of the chosen judge.

However, appellant claims such is the case. He cites Judge Daugherty's overruling of Judge Shields' order to suppress and claims this demonstrates that Judge Daugherty was biased and prejudiced against him. However, the issue of the correctness of Judge Daugherty's ruling in this regard was raised in appellant's original appeal and was decided adversely to him in that case. Therefore, it is the law of this case that Judge Daugherty's ruling on the motion to suppress was correct. Therefore, appellant cannot sustain a claim of bias and prejudice on the part of the ruling judge.

We see no reversible error in this case by reason of the irregularities in the manner in which Judge Daugherty became the judge in the original conviction.

Appellant contends he was denied effective assistance of counsel. He claims ineffectiveness of counsel is demonstrated by: 1) failing to object to the special judge appointment process; 2) failing to object to a final instruction; 3) failing to object to the court's refusal of one of his proposed instructions; and 4) failing to object to certain testimony of police officer Harold Trees.

As to his first issue, we have pointed out above that counsel perceived that it was to his advantage to have Judge Daugherty as the trial judge; therefore, he made a deliberate tactical choice to waive any question as to Judge Daugherty's presence on the second panel. Thus, his deliberate choice of tactics should not be deemed ineffective assistance. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674.

As to his second charge, appellant claims his counsel was ineffective because he failed to object to the trial court's Final Instruction 8(C), which reads as follows:

"Malice may be inferred from the intentional use of a deadly weapon in such a manner as would be likely to cause death. It may be inferred that the accused intended the natural and probable consequences of his acts."

Appellant claims this type of instruction has been declared improper by the Supreme Court of the United States, citing *Francis v. Franklin* (1985), 471 U.S. 307, 105 S.Ct. 1965, 85 L.Ed.2d 344 and *Sandstrom v. Montana* (1979), 442 U.S. 510, 99 S.Ct. 2450, 61 L.Ed.2d 39.

Appellant claims that it is well established in Indiana law that the malicious intent to kill another human being is an element of the crime of First Degree Murder and that this element must be proven by the State beyond a reasonable doubt. Thus, the giving of Instruction No. 8(C) permitted the jury to determine that appellant's voluntary acts allowed them to presume the intent to kill was present without any proof on the part of the State.

However, the State points out that at the time of appellant's trial the instruction to which he now objects was a correct statement of the law, citing *Clark v. State* (1976), 265 Ind. 161, 352 N.E.2d 762 and *Kerns v. State* (1976), 265 Ind. 39, 349 N.E.2d 701. Those cases held that the instruction did not shift the burden of proof to the defendant. The State points out that had counsel objected to the court's instruction, the court, under the law existing at that time, would not have been required to sustain the objection. We agree with the State that counsel cannot at this late date be charged with ineffective representation under the guidelines laid down in *Strickland.*

■ Appellant also claims his counsel was ineffective in that he failed to object to the court's refusal of one of appellant's proposed instructions. His Proposed Instruction No. 5 reads as follows:

"The Defendant in a criminal case is never required to establish any facts which would entitle him to an acquittal, by any degree of evidence, but if upon the whole evidence the jury entertains a reasonable doubt of his guilt, it is the duty of the jury to find the Defendant not guilty."

The subject of this instruction was thoroughly covered by the trial court's Instructions Nos. 1, 3, and 4. It is not reversible error to refuse to give an instruction covered by other instructions. *See Bergfeld v. State* (1988), Ind., 531 N.E.2d 486.

■ Appellant contends his trial counsel erred in failing to preserve in the motion to correct error his objection to testimony by Deputy Sheriff Harold Trees to the effect that he had known appellant on a prior occasion when he was incarcerated in jail. At the time this evidence was received, a proper objection was made by appellant's counsel. However, that objection was overruled. His counsel's failure to preserve that issue to be presented in the original appeal by his failure to include it in the motion to correct error is what appellant now claims was ineffective performance of counsel. The remark by the police officer was improper. *Lawrence v. State* (1972), 259 Ind. 306, 286 N.E.2d 830.

■ In the case at bar, however, there was no mention made of why appellant had been in jail previously nor did the State attempt in any manner to give any detail of prior arrests or convictions. Although the comment by the officer was improper, we cannot say that it would rise to reversible error under the facts in this case. In view of the evidence in the original conviction, as outlined in *Lucas, supra,* we cannot say that the mere mention by a police officer that he had originally met appellant in jail was a statement of such magnitude as to tip the balance in the jury's verdict.

We must assume that appellant's original counsel in making his determination as to what to raise and what not to raise in his motion to correct error took this into consideration and opted not to present the issue. We cannot say that such a choice violates the principles laid down in *Strickland. See also Hill v. State* (1984), Ind., 462 N.E.2d 1048.

We see nothing in the conduct on the part of appellant's counsel either in his original trial or on his appeal which would

justify a reversal of this case on ineffective representation of counsel.

Appellant claims the post-conviction court erred in that it did not enter adequate findings of fact and conclusions of law as required by Ind.R.P.C.R. 1 § 6. This Court has held previously that the requirement in the rule for specific findings of fact and conclusions of law is to enable the reviewing court to dispose of the issues on appeal. *Robinson v. State* (1986), Ind., 493 N.E.2d 765.

Appellant now claims that the post-conviction court, although addressing some of the issues as to ineffectiveness of counsel, failed to address the issue of counsel's failure to challenge the eligibility of Judge Daugherty to sit in the original conviction; thus, appellant deems it impossible to determine why those issues were denied by the post-conviction court. Appellant's challenge to Judge Daugherty's jurisdiction to sit is based entirely upon the record in this case and did not require a finding by the post-conviction court to furnish this Court with information necessary to make a decision.

Upon examining the findings of fact and conclusions of law set out by Judge Proffitt in reaching her decision on the post-conviction petition, we have no difficulty in understanding her decision and dealing with the issues raised on this appeal by appellant. We therefore hold that it is unnecessary to remand this case to the trial court for more specific findings of fact and conclusions of law. *Id.*

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER and DICKSON, JJ., concur.

PIVARNIK, J., not participating.