Jack LLEWELLYN, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 978S189.

Supreme Court of Indiana.

March 7, 1979.

James A. Neel, Davis, Neel & Headlee, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Victoria R. VanDuren, Deputy Atty. Gen., Indianapolis, for appellee.

PRENTICE, Justice.

Defendant (Appellant) was convicted of First Degree Murder, Ind.Code § 35–13–4–1 (Burns 1975), in a trial by jury. He was sentenced to life imprisonment, and he raises the following, as his sole issue on appeal:

(1) Whether the trial court erred in denying his motion to reinstate his special plea of insanity, previously filed and withdrawn.

The defendant filed a special plea of insanity on August 9, 1977, at which time the court appointed two physicians to examine him as to his sanity at the time of the offense and his competence to stand trial. On August 24, 1977, they filed their joint report with the court, wherein they stated that they believed the defendant to be competent to stand trial and to have been of sound mind at the time of the offense; and the court set a hearing thereon for August 31, 1977. On August 29, 1977, the defendant filed a motion to withdraw the insanity plea, which motion was granted.

Thereafter, a pre-trial conference was set for September 21, 1977, and on September 20, 1977, counsel for the defendant filed a motion for continuance, upon the ground that he had not had sufficient time to prepare. On September 21, 1977, the motion was granted.

On September 27, 1977, the State filed a motion for certain discovery, including disclosure of defenses to be interposed. The record does not disclose the ruling upon said motion, but on November 30, 1977, a pretrial conference was held, at which the defendant moved for and was granted a continuance as to the trial date to a date to be later determined.

The cause was subsequently rescheduled for trial on January 26, 1978, and on December 19, 1977 the defendant again moved for and was granted an indefinite continuance for convenience of defense counsel.

On March 3, 1978, a second pre-trial conference was held, at which conference the only action taken was the rescheduling for trial on April 27, 1978.

On April 19, 1978, eight days prior to the scheduled trial date, the defendant filed a written motion to reinstate the "special defense of insanity heretofore filed * * *." The motion stated no grounds, and no hearing thereon was requested. It was summarily denied on the same day.

It is the defendant's contention, relying upon *Jones v. State,* (1978) Ind., 377 N.E.2d 1349, 1358, that the plea of insanity could be filed at any time prior to trial; but we do not agree that *Jones (supra)* can have such an all-encompassing application. True, the statute does not limit the time for filing, and in *Barber v. State,* (1925) 197 Ind. 88, 149 N.E. 896 and *Swain v. State,* (1939) 215 Ind. 259, 18 N.E.2d 921, we held that the right could not be foreclosed by the judge or by a rule of court. Those cases, however, must be interpreted to mean that the right may not be arbitrarily cut off. Trial counsel apparently understood this, or he would simply have refiled the answer or filed a new one, rather than to have moved for leave of court to do so.

The trial judge has inherent authority to shepherd the case to trial and judgment. In the process, he must be free to assess the bona fides of pre-trial tactical maneuvering. He must use all care to avoid a denial of the litigant's fair trial rights, but he need not permit a party to delay a trial ad infinitum by such transparent pettifoggery. In the case before us, we see no indication of a judicial abuse of discretion. On the contrary, every indication is that the trial judge acted properly.

It must also be noted that the defendant's motion to reinstate the insanity answer was not supported by the statement of any grounds therefor, as required by Ind. Code § 35–4.1–2–1 (Burns 1975).

We hold that a defendant is not entitled to file a subsequent plea of insanity, after an initial such plea and the withdrawal thereof, without a showing of cause for such apparently incongruous action.

We find no error. The judgment of the trial court is affirmed.

GIVAN, C. J., and DeBRULER, HUNTER and PIVARNIK, JJ., concur.