Alvin TRUMAN, Appellant,

v.

STATE of Indiana, Appellee.

No. 885 S 321.

Supreme Court of Indiana.

Aug. 15, 1985.

Susan K. Carpenter, Public Defender of Ind., Bev Cummings, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

The Court of Appeals, in an unpublished memorandum decision, reversed the trial court in its denial of post-conviction relief.

On June 27, 1981, appellant was arrested on a warrant issued by the Wabash Circuit Court and charged with molesting his seven year old step-granddaughter. On January 14, 1982, appellant withdrew a plea of not guilty and entered a plea of guilty but mentally ill. This plea was entered nearly seven months before the present statute permitting such a plea was passed. The majority opinion of the Court of Appeals holds that it was reversible error to deny post-conviction relief in setting aside such a plea. The majority holds that to accept such a plea was contrary to the statute in force at that time and that such statutes must be strictly construed.

In a dissenting opinion, Judge Shields correctly points out that the case should be reversed and remanded but not for the reasons given by the majority. She correctly points out that the present statute, Ind.Code § 35–36–2–5 (Burns 1984 Supp.), although providing for a plea of guilty but mentally ill, in reality adds nothing to a finding of guilty.

She points out another statute, Ind. Code § 11–10–4–2, provides that the Department of Correction shall provide care and treatment for every person committed who is found to be mentally ill. Mental illness is not now, nor ever has been, a defense to crime in Indiana. The defense

is the inability to form intent by reason of insanity.

 The present statute, Ind.Code § 35–36–2–5, in reality adds absolutely nothing to a finding of guilty. It is of no consequence whatever that the jury or a judge finds a person mentally ill at the same time they find him to be guilty. However, as Judge Shields points out, there clearly was confusion in the mind of the appellant when he entered his plea of guilty but mentally ill. He stated that he "decided to plead guilty but mentally ill in hopes of receiving psychiatric treatment."

 Judge Shields further correctly observed that this cause should be remanded for findings required by Ind.R.P.C. 1, § 6. As she states in her dissenting opinion, "[t]he fact Truman unequivocally admitted his guilt by his plea coupled with the reality of the present effect of a plea and finding of guilty but mentally ill do not negate, in and of themselves, the possibility that Truman's plea was unknowing and involuntary because he was misled as to the effect of his plea."

This cause is remanded for further proceedings not inconsistent with this opinion.

PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with separate opinion.

HUNTER, J., not participating.

DeBRULER, Justice, dissenting.

I go with the downright position taken by Judge Buchanan in his initial opinion when he concluded that Truman's admission before the lower tribunal that he was guilty but mentally ill was no plea at all. It was a nullity because it was not at the time sanctioned by the creator of all pleas, namely the General Assembly. Cf., IC § 35–4.1–2–1 (repealed 1982), and IC § 35–4.1–1–1(b) (repealed 1982). I would therefore remand to the trial court with instructions to grant the petition for post-conviction relief.