**Jackie Ray HIGGINS, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 65S00–9207–CR–561.

Supreme Court of Indiana.

Oct. 26, 1992.

William H. Bender, Allyn, Givens & Bender, Poseyville, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., for appellee.

GIVAN, Judge.

A jury trial resulted in the conviction of appellant of Attempted Murder, a Class A felony, and the finding that he was a habitual offender. Appellant received a sentence of thirty (30) years enhanced by thirty (30) years by reason of his status as a habitual offender.

The facts are: On November 28, 1989, appellant entered a filling station in Posey County and stabbed the victim. The defense interposed a plea of insanity and the trial judge appointed Dr. David Cerling, a psychologist, and Dr. David Holajter, a psychiatrist, to examine appellant to determine whether he was competent to stand trial. Dr. Cerling examined appellant on March 12, 1990 and found that he was not competent to stand trial. Dr. Holajter examined appellant on April 16, 1990 and came to the same conclusion.

On June 24, 1991, Dr. Cerling again examined appellant and determined that he was now competent to stand trial although he was suffering from paranoid schizophrenia. On July 10, 1991, Dr. Holajter again examined appellant and also came to the conclusion that although he was suffering from paranoid schizophrenia he was competent to stand trial.

At appellant's trial, both doctors testified; however, neither doctor could state positively whether appellant was insane under the statutory definition so as to render him incapable of forming the intent to commit the crime on November 28, 1989. However, Dr. Holajter did observe that if appellant was in the same condition on November 28, 1989 as he was when first examined on April 16, 1990, he not only would have been incapable of forming the intent, but he would have been incapable of performing the act. Thus, the testimony of the doctor left the jury with the implication that appellant in fact was capable of forming the intent to commit the crime.

The sole issue presented by appellant on appeal is that it is cruel and unusual punishment to find him to be a habitual offender after first finding that he is guilty but mentally ill. Thus, appellant claims imposing the enhanced sentence of sixty (60) years is in violation of the Eighth Amendment. Appellant takes the position that inasmuch as the habitual offender statute is for the purpose of the deterrence of crime, the wrongdoers must understand and appreciate the consequences of their unlawful act in order for it to be a deterrent.

Appellant first argues that the jury was correct in finding him mentally ill. He then concludes that because he had been found mentally ill he met the definition of "mental disease or defect" found in Ind. Code § 35–41–3–6. However, appellant is in error in this regard. Mental illness is not a defense to crime in Indiana. An appellant is not excused of a crime unless his mental illness is so severe as to render him "unable to appreciate the wrongfulness" of the act. *Truman v. State* (1985), Ind., 481 N.E.2d 1089; Ind.Code § 35–41–3–6. The fact that the jury found appellant to be mentally ill does not automatically bring him within the definition of mental disease found in the above statute.

Appellant argues that inasmuch as the jury was not required to make any determination as to whether he appreciated or understood the consequences of his criminal conduct, they were in no position to determine whether he should be adjudged a habitual offender. Appellant cites no authority for this but depends on what he terms "Hoosier common sense." However, neither in Ind.Code § 35–50–2–8, the habitual offender statute, Ind.Code § 35–36–2–5, the guilty but mentally ill statute, nor Ind. Code § 35–41–3–6, the mental disease or defect statute, do we find any mention of "the ability to understand the consequences of his criminal conduct."

The record in this case establishes that appellant had on previous occasions been found guilty of various felonies in both Indiana and Kentucky. There is no evidence whatever that at the time of the perpetration of any of these crimes, appellant was suffering from a mental disease so severe as to preclude his appreciation of the wrongfulness of his conduct as defined in Ind.Code § 35–41–3–6. There is no requirement that the State must show that appellant understood the consequences of his conduct when he committed his prior and present felonies before his sentence can be enhanced by reason of his status as a habitual offender.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., dissents with separate opinion.

DeBRULER, Judge, dissenting.

When the jury returned its verdict that appellant Higgins was guilty but mentally ill, it necessarily concluded that he was at the time of the crime suffering from a psychiatric disorder which, while leaving him able to know right from wrong, substantially disturbed his thinking, feeling, or behavior and impaired his ability to function. I.C. 35–36–1–1. Upon this verdict the sentence was to be rendered as though the verdict had been simply, guilty, but however, was to impose a special duty upon the State to evaluate and treat him for mental illness, even in the confines of our State mental hospitals. I.C. 35–36–2–5. This sentence was also to be special in that it was to carry a thirty year enhancement under the separate habitual offender statute because of prior convictions.

The question presented here, is whether or not it is the intention of the legislature that a defendant convicted upon a verdict of guilty but mentally ill, that is, the defendant was at the time of the crime substantially disturbed as a result of mental illness and thereby impaired in function, should be placed in the class of convicted defendants subject to thirty year sentence enhancement because of prior convictions. Again, as I concluded in dissent in *Harris v. State* (1986), Ind., 499 N.E.2d 723, the statutes are ambiguous in this respect, and until the legislature clearly announces its judgment

that such seriously ill and impaired persons like Higgins, warrant and deserve the greatly more severe habitual offender punishment, the habitual offender statute should not be enforced against them. If the legislature intends so severe a result, where the deterrent effect of past convictions and penalties is at low ebb, it must clearly so state.