Robert Lawrence LYON, Appellant,

v.

STATE of Indiana, Appellee.

No. 79S00–9203–CR–179.

Supreme Court of Indiana.

Feb. 12, 1993.

Michael B. Troemel, Merritt, Troemel, Meyer & Hamilton, Lafayette, for appellant.

Linley E. Pearson, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of Murder.

The facts are: Appellant had a long history of discontent concerning his supervisor, Barbara Clark, the victim in this case. Clark was a supervisor of janitors at Purdue University. Appellant was a Korean War veteran who apparently suffered from Post–Traumatic Stress Disorder resulting from his war experiences. After four or five years of working for the University under the supervision of Clark, appellant was put on long-term disability and sent to the Employee Assistance Program to deal with his mental condition. He had made threats to kill both himself and Clark. He eventually was terminated from Purdue University, and after becoming extremely frustrated concerning disability benefits, he loaded a pistol with three rounds, walked into Clark's office and fired three shots, two of which struck Clark fatally wounding her. Appellant then walked into an adjacent office, laid the gun on the desk, and waited for police to arrive.

After appellant was charged with murder, the trial court appointed pauper counsel, who filed a notice of defense of mental disease or defect pursuant to Ind.Code § 35–36–2–1. The trial court appointed a psychiatrist, Dr. Richard Rahdert, and a psychologist, Dr. Brian Premo, to examine appellant. Dr. Rahdert testified that he diagnosed appellant as having a delusion disorder; however, he thought appellant was able to differentiate between right and wrong. Dr. Premo testified that appellant was not suffering from any mental disease that would have made him unable to control his behavior.

Appellant called Dr. Richard Loughhead, a psychologist, who testified that he felt appellant's Korean War experience, where he had been required to kill women and children as part of his duty, had a profound effect upon him. He thought appellant possibly was suffering from some organic brain dysfunction and further identified his diagnosis to be that appellant had dementia presenile onset. He felt that appellant was taking out his stress, brought on by prior experiences, on Clark, who represented an authoritarian figure to him.

■ Appellant claims the preponderance of the evidence supports his defense of insanity. We cannot agree with appellant in this observation. Both doctors appointed by the court testified they felt that appellant had the ability to differentiate between right and wrong even though he was suffering from mental disability. Although Dr. Loughhead testified as to appellant's mental disability, nowhere in his brief does appellant claim Dr. Loughhead found him to be incapable of differentiating right from wrong. We have read Dr. Loughhead's testimony in its entirety and nowhere do we find such a statement.

Mental disorder alone is not enough to excuse a defendant for the perpetration of a crime. The defect must be to such an extent that he was "unable to appreciate the wrongfulness of the conduct at the time of the offense." Ind.Code 35–41–3–6. In the case at bar, there is ample evidence from which the jury could deduce that although appellant suffered from mental illness, he in fact did know right from wrong and had the capacity to consciously plan to kill Barbara Clark. The fact that he realized the wrongfulness of his act is demon-

**1370**

strated by his going into an adjoining office, laying the gun down and waiting for the police to arrive. There is ample evidence to support appellant's conviction.

 Appellant contends the trial court erred in shifting the burden of proof to appellant on the issue of insanity. Appellant concedes that Ind.Code § 35–41–4–1(b) states: "Notwithstanding subsection (a), the burden of proof is on the defendant to establish the defense of insanity … by a preponderance of the evidence." However, appellant opines that this statute unconstitutionally shifts the burden of proof to appellant. He cites the case of *In re Winship* (1970), 397 U.S. 358, 364, 90 S.Ct. 1068, 1073, 25 L.Ed.2d 368, 375. There the Court stated: "[W]e explicitly hold that the Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." There is no question but what the above quote is the law throughout the United States, including Indiana.

However, as set out by our legislature, insanity is an affirmative defense for which a defendant has the burden of proof. This Court has held that although the State is required to prove the defendant committed the act "knowingly" this is not tantamount to requiring the State to prove that the defendant was "sane." *Ward v. State* (1982), Ind., 438 N.E.2d 750. In *Basham v. State* (1981), Ind., 422 N.E.2d 1206, we held that when *mens rea* can be logically inferred from the circumstances of the crime beyond a reasonable doubt, and the defendant seeks to avoid responsibility by reason of a diminished mental capacity, his rights are not violated by requiring him to carry the burden of proof of his affirmative defense. We find no error in the court's ruling on the burden of proof concerning appellant's insanity defense.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, DICKSON and KRAHULIK, JJ., concur.