**David McCLAIN, Appellant–Defendant,**

**v.**

**STATE of Indiana, Appellee–Plaintiff.**

**No. 49A02–9511–CR–695.**

Court of Appeals of Indiana.

Sept. 17, 1996.

Transfer Granted Jan. 8, 1997.

Gregory Bowes, Indianapolis, for appellant–defendant.

Pamela Carter, Attorney General of Indiana and Andrew L. Hedges, Deputy Attorney General, Indianapolis, for appellee–plaintiff.

## OPINION

FRIEDLANDER, Judge.

Upon interlocutory appeal, David McClain challenges the granting of the State's motion in limine in his criminal trial, which excluded expert testimony regarding McClain's ability to form criminal intent on the night in question. The trial court certified the following issues for appeal:

1. Did the trial court err in granting the State's Motion in Limine, excluding evidence of expert testimony about the capacity of the defendant to form criminal intent on the night in question and expert testimony regarding sleep disorders and/or dissociative states, because the Defendant had withdrawn the defense of insanity?

2. Should Defendant be permitted to reassert the defense of insanity if the Court of Appeals concludes that the trial court properly granted the State's Motion in Limine?

*Record* at 256.

We affirm.

The facts favorable to the ruling are that between December 16 and December 20, 1993 McClain traveled from Sapporo, Japan to Indianapolis, Indiana aboard a series of three connecting flights, laid over in an airport for two hours, attended a Christmas party in his sister's home in Indianapolis, shampooed carpets in his grandmother's home, visited friends, and played billiards at an Indianapolis pub. During this entire time, McClain slept for a total of only twenty-two hours.

At approximately 11:00 p.m. on December 21, Indianapolis police officers Phillip Reid and Philip Beaver observed McClain crossing a street in the middle of traffic. Officer Reid told McClain to get out of the street and McClain struck Reid with a beer bottle, knocking him unconscious. Officer Beaver attempted to subdue McClain, but McClain

struck him in the face. During the ensuing struggle, McClain also struck Officer Leonard Marshall, who had arrived to assist Officer Beaver.

McClain was charged with one count of aggravated battery, two counts of battery causing bodily injury, and two counts of resisting law enforcement. On March 4, 1994, McClain filed a notice of intent to interpose an insanity defense. The State discovered that the basis for the defense was sleep deprivation resulting from McClain's twenty-five hour flight from Japan. McClain claimed that as a result of sleep deprivation, he was in a dissociative state and therefore incapable of forming the requisite intent. On July 11, 1994, McClain withdrew his insanity defense.

On the day of trial, the State filed a motion in limine seeking to exclude both expert testimony on the subject of McClain's capacity to form criminal intent on the night in question and expert testimony regarding sleep disorders and dissociative states. The trial court granted the motion upon the following rationale:

> The Court considered the critical determination to be whether sleep deprivation, dissociative states and/or autosomatism constituted a mental disease or defect within the provisions of Indiana Code 35–41–3–6(b).[1] The Court reviewed the articles and arguments contained in McClain's Trial Brief, as well as the arguments of the State and concluded that, indeed, the condition McClain alleges to have suffered from was "a severely abnormal mental condition that grossly and demonstrably impairs a person's perception." I.C. 35–41–3–6(b). Because McClain had withdrawn his insanity defense, he was precluded from introducing evidence of mental defect, and the Court granted the State's Motion in Limine.

*Record* at 254 (footnote supplied) (citation omitted).

1.

McClain contends the trial court erred in excluding expert testimony on the effects of sleep deprivation with regard to the ability to form intent. McClain argues that such evidence is admissible pursuant to Rules 702 and 704 of the Indiana Rules of Evidence. Specifically, McClain contends that these rules of evidence supplant case-law which preexisted the rules regarding the admissibility of evidence on the subject of a defendant's capacity to form intent at the time of the alleged criminal act. The State counters that the testimony would have been offered to prove that sleep deprivation produces a dissociative state, thereby negating the *mens rea* element of the criminal offenses of which McClain was charged. The State argues that such would have been in the nature of an insanity defense, which requires the filing of a notice before it may be interposed at trial.

■ We must first determine whether Indiana law recognizes automatism as a separate and distinct defense to a criminal charge. The defense of automatism has been described by the Illinois Supreme Court as follows:

> Certain involuntary acts, *i.e.*, those committed during a state of automatism, occur as bodily movements which are not controlled by the conscious mind. A person in a state of automatism lacks the volition to control or prevent the involuntary acts. Such involuntary acts may include those committed during convulsions, sleep, unconsciousness, hypnosis or seizures. A cornerstone of the defense of involuntary conduct is that a person, in a state of automatism, who lacks the volition is so impaired during a state of automatism that he is substantially incapable of conforming his conduct to the law.

*State v. Grant*, 71 Ill.2d 551, 17 Ill.Dec. 814, 818, 377 N.E.2d 4, 8 (1978). Whether this is

1. Ind.Code Ann. § 35–41–3–6 (West 1986) states:
 (a) A person is not responsible for having engaged in prohibited conduct if, as a result of mental disease or defect, he was unable to appreciate the wrongfulness of the conduct at the time of the offense.

 (b) As used in this section, "mental disease or defect" means a severely abnormal mental condition that grossly and demonstrably impairs a person's perception, but the term does not include an abnormality manifested only by repeated unlawful or antisocial conduct.

a valid defense in Indiana is a question of first impression.

In arguing that an automatism defense is not the same as an insanity defense, McClain directs our attention to IC § 35–41–2–1, which provides:

A person commits an offense only if he voluntarily engages in conduct in violation of the statute defining the offense. However, a person who omits to perform an act commits an offense only if he has a statutory, common law, or contractual duty to perform the act.

McClain notes that the Indiana Criminal Law Study Commission stated that, as used in the above provision, the term "voluntary" refers to "behavior that is produced by an act of choice and is capable of being controlled by a human being who is in a conscious state of mind." Ind.Crim.Law Study Comm'n, *Indiana Penal Code Proposed Final Draft*, Oct. 1974, at 12. McClain points out that sleep specialists define sleep as a *lack* of consciousness and, therefore, "abnormal behavior that occurs during sleep is properly addressed by the voluntary conduct statute." Appellant's Brief at 17.

McClain also notes that IC § 35–41–2–1 is taken from Section 2.01 of the Model Penal Code, which states:

(1) A person is not guilty of an offense unless his liability is based on conduct that includes a voluntary act or the omission to perform an act of which he is physically able.

(2) The following are not voluntary acts within the meaning of this Section:

(a) a reflex or convulsion;

(b) a bodily movement during unconsciousness or sleep;

(c) conduct during hypnosis or resulting from hypnotic suggestion;

(d) a bodily movement that otherwise is not a product of the effort or determination of the actor, either conscious or habitual.

Although IC § 35–41–2–1 contains only subsection (1) of Section 2.01, McClain contends that "Indiana did not include subsection (2), because it merely lists examples of the general principle set out in subsection (1)." Appellant's Brief at 16.

We interpret the omission of M.P.C. § 2.01(2) from IC § 35–41–2–1 differently than does McClain. Indiana did not recognize the defense of automatism prior to the adoption of IC § 35–41–2–1. Section 2.01(2)(b) of the Model Penal Code clearly includes within its ambit the automatism defense. Thus, we conclude that when the legislature adopted IC § 35–41–2–1, but omitted the material contained in M.P.C. § 2.01(2), it thereby rejected automatism as a separate and distinct defense.

Although our legislature has not authorized automatism as a separate defense to a criminal charge in Indiana, it has long been the law in Indiana that "a person is not responsible for having engaged in prohibited conduct if, as a result of mental disease or defect, he was able to appreciate the wrongfulness of the conduct at the time of the offense." IC § 35–41–3–6(a). Pursuant to this so-called "insanity defense", a person may defend on grounds that a mental illness or defect rendered him unable to appreciate the wrongfulness of the criminal act. *See Higgins v. State*, 601 N.E.2d 342 (Ind.1992). Does the defense herein raised by McClain fit within Indiana's insanity defense?

IC § 35–41–3–6(b) states:

As used in this section, "mental disease or defect" means a severely abnormal mental condition that grossly and demonstrably impairs a person's perception, but the term does not include an abnormality manifested only by repeated unlawful or antisocial conduct.

McClain sought to introduce expert testimony, which would have included the following description of the effects of sleep deprivation:

The results [of a clinical study] indicate that the prolonged deprivation of sleep causes an unknown organic disturbance of the higher centers of the central nervous system which produces, in practically all subjects, psychotic-like reactions.

*Record* at 55. McClain also submitted to the trial court the affidavit of Dr. Mark W. Mahowald, a medical professional specializing in sleep disorders. Dr. Mahowald stated that

the effects include disruption of the circadian cycle, resulting in "grave perceptual distortions," *id.* at 175, irrational behavior, and automatism.

We acknowledge that certain jurisdictions have determined that automatism, or unconsciousness, is a distinct defense from insanity. *See* Eunice A. Eichelberger, Annotation, *Automatism or Unconsciousness as Defense to Criminal Charge,* 27 A.L.R.4th 1067, at § 3(b) (1984). However, considering the nature of the effects of sleep deprivation in the context of Indiana's insanity defense statute, we agree with those states that have concluded that the defense of automatism is a species of the insanity defense. *See id.* at § 3(c).

■ Having determined that the defense of automatism is a species of the insanity defense, it follows that one intending to interpose the defense of automatism must adhere to the requirements for filing an insanity defense. Ind.Code Ann. § 35–36–2–1 (West 1986) provides that, in order to interpose an insanity defense, a defendant charged with a felony must file a notice of intent to do so no later than twenty days before the omnibus date. In the instant case, McClain filed a notice of intent to file an insanity defense, but then withdrew the notice. As a result, McClain has not submitted the requisite notice of intent to file an insanity defense. Absent such, the trial court did not err in granting the State's motion in limine to exclude expert testimony on the subjects of automatism and McClain's capacity to form intent on the night in question.

■ In so holding, we reject the contention that the Indiana Rules of Evidence are now the only criteria considered when determining the admissibility of evidence pertaining to a criminal defendant's capacity to form intent. IC § 35–41–4–1 places upon a defendant the burden of proving insanity as a defense to a criminal charge. Our supreme court has determined that placing this burden upon the defendant does not offend constitutional due process principles because a defense of insanity is in the nature of an affirmative defense. *See Lyon v. State,* 608 N.E.2d 1368 (Ind.1993). Once the defendant has presented evidence to establish the de-

fense by a preponderance of the evidence, the State is obligated to prove beyond a reasonable doubt that the defendant was sane at the time of the offense. *Price v. State,* 274 Ind. 479, 412 N.E.2d 783 (1980).

■ The filing of notification of intent to interpose an insanity defense serves to put the State on notice that the defendant's sanity will be a contested issue for which it must prepare a case. The filing of such notification remains a prerequisite to raising an insanity defense and therefore also a prerequisite to the presentation of evidence relevant to the defendant's capacity to form intent. This principle was not altered by the adoption of the Rules of Evidence, generally, and of Rules 702 and 704, specifically.

2.

McClain contends that, if this court determines that automatism is a species of the insanity defense, he should be allowed to refile a notice of intent to interpose an insanity defense.

■ IC § 35–36–2–1 allows a defendant to file a notice of insanity defense after the expiration of the specified period of limitations upon a showing of good cause. We note, however, that in *Llewellyn v. State,* 270 Ind. 424, 386 N.E.2d 674, 675 (1979), our supreme court determined "that a defendant is not entitled to file a subsequent plea of insanity, after an initial such plea and the withdrawal thereof, without a showing of cause for such apparently incongruous action." Therefore, a defendant wishing to refile a notice of insanity defense after having withdrawn a previous one must satisfy two burdens. First, he must show good cause for having withdrawn the previous notice. Having satisfied the court in that regard, he must then demonstrate to the court that there is good cause to permit the late filing of a subsequent notice.

■ McClain's withdrawal of his notice of intent to file insanity defense appears to be attributable to the uncertainty under Indiana law as to how the defense of automatism relates to the insanity defense. We have clarified that question, but, of course, today's

decision was unavailable to McClain when it came time to make the strategic decision of how to proceed on this issue. It would therefore appear to this court that the burdens for refiling a notice under I.C. § 35–36–2–1, as set forth in *Llewellyn*, are satisfied. However, the determination as to whether a defendant has met each *Llewellyn* burden is left to the trial court's sound discretion, primarily because the trial court is in the best position to evaluate the criteria to be considered in the "good cause" analysis. The trial court's determination in this regard will be reviewed only for abuse of discretion. *Eveler v. State*, 524 N.E.2d 9 (Ind.1988).

Because the trial court is in a superior position to examine the factors upon which the determination would be based, we decline the request to determine whether an untimely second motion to interpose an insanity defense should be granted in the instant case.

Ruling on motion in limine affirmed.

KIRSCH and DARDEN, JJ., concur.