**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ERIN L. BERGER**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

BRIAN S. FLEMING,          )
                          )
    Appellant-Defendant,          )
                          )
        vs.          )          No. 82A05-1202-CR-100
                          )
STATE OF INDIANA,          )
                          )
    Appellee-Plaintiff.          )

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Kelli E. Fink, Magistrate
Cause No. 82C01-1107-FD-807

**November 1, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**KIRSCH, Judge**

Brian S. Fleming appeals his conviction for intimidation[1] as a Class D felony, raising the following restated issues:

I. Whether the evidence of the element of *mens rea* was sufficient to support Fleming's conviction for intimidation; and

II. Whether statements made by the prosecuting attorney during final argument constituted prosecutorial misconduct.

We affirm.

### FACTS AND PROCEDURAL HISTORY

On June 30, 2011, Fleming called Deaconess Hospital and said he had a gun and was going to kill himself. Deaconess Hospital reported the call to the Evansville Police Department. In response to the call, four uniformed police officers were dispatched to Fleming's home and saw Fleming pacing on his driveway and holding something in his hands that the officers believed was a gun. When Fleming noticed the officers approaching with their guns drawn, he yelled at the officers to stay back or he was going to shoot them. Fleming pointed the black object in his hand at each of the officers, who in turn took cover.

The officers believed that Fleming was intoxicated, and from the information supplied by dispatch from the hospital, were aware that he had mental health issues. Within a few minutes of confronting Fleming, the officers noticed that he no longer had the object in his hand. At that point, the officers rushed Fleming and took him into custody. No weapon was ever found; instead, it appeared that the object the officers thought was a gun was, in fact, a solar lawn light.

---

[1] *See* Ind. Code § 35-45-2-1.

2

The State charged Fleming with intimidation as a Class D felony, and he was tried to a jury on December 9, 2011. As part of his defense, Fleming argued that he suffered from brain damage, panic disorder, and overuse of alcohol, and that "the combination of factors limited his[,] what we call[,] *mens rea*, his mental capacity, to intend that consequence." *Tr.* at 119. During closing argument, the prosecutor commented that the jury could not consider "mental disease or defects because he didn't file an insanity defense . . . ." *Id.* at 27. Fleming objected to the prosecutor's comments, but the trial court overruled his objection. Fleming did not request an admonishment or move for a mistrial. The jury found Fleming guilty of intimidation, and he was later sentenced to two years executed at the Indiana Department of Correction. Fleming now appeals.

## DISCUSSION AND DECISION

### I.      Sufficiency of the Evidence

Fleming contends that there was insufficient evidence to support his intimidation conviction. Specifically, he contends that there was no evidence that he had the requisite *mens rea* to commit the offense. In reviewing the sufficiency of the evidence, we examine only the probative evidence and reasonable inferences that support the verdict. *Lock v. State*, 971 N.E.2d 71, 74 (Ind. 2012). We do not assess witness credibility, nor do we reweigh the evidence. *Id.* "Under our appellate system, those roles are reserved for the finder of fact." *Id.* Instead, we consider only the evidence most favorable to the trial court ruling and affirm the conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id.* "This evidence need not overcome every reasonable hypothesis of innocence; it is sufficient so long as an

3

inference may reasonably be drawn from it to support the verdict." *Id.*

To be convicted of intimidation as a Class D felony, the State was required to prove that Fleming communicated a threat to a law enforcement officer with intent that the officer be placed in fear of retaliation for a prior lawful act. *See* Ind. Code § 35-45-2-1.[2] Fleming challenges only the intent element of the crime and contends that his physical and mental condition—that he suffered from brain damage, panic attacks, and alcohol intoxication—prevented him from forming the requisite *mens rea*. *Appellant's Br.* at 4.

Fleming's defense was essentially that he did not have the *mens rea* because his mental conditions prevented him from appreciating the wrongfulness of his conduct at the time of the offense. Because intent is a mental function, absent an admission from the defendant, it must be determined from a consideration of the defendant's conduct and the natural and usual consequences of such conduct. *Hendrix v. State*, 615 N.E.2d 483, 485 (Ind. Ct. App. 1993) (citing *Metzler v. State*, 540 N.E.2d 606, 609 (Ind. 1989)). To determine whether the defendant intended to commit the alleged conduct, the trier of fact must usually resort to reasonable inferences based upon an examination of the surrounding circumstances. *Id.* Whether Fleming's brain damage, panic attacks, and abuse of alcohol impaired his mental faculties such that he did not have the intent to place the officers in fear of retaliation is a question of fact, and the conclusion will not be

---

[2] Indiana Code section 35-45-2-1, in pertinent part, provides that a person who communicates a threat to another person, with the intent that the other person be placed in fear of retaliation for a prior lawful act, commits intimidation, a Class A misdemeanor. However, the offense is a Class D felony if the person to whom the threat is communicated is a law enforcement officer.

4

disturbed if substantial evidence of probative value exists. *Galloway v. State*, 938 N.E.2d 699, 709 (Ind. 2010).

The State was required to establish that Fleming intended to place the officers in fear of retaliation for performing their lawful duties as officers. Here, the four officers were responding to a dispatch generated by a call from Deaconess Hospital that "a person named Brian Fleming . . . had called them saying he was going to kill himself, that he had a gun and he was going to pull the trigger." *Tr.* at 31. In an attempt to prevent the suicide, the officers approached Fleming, who was pacing on his driveway and was holding an object that looked like a gun. Upon seeing the officers, Fleming pointed the object at them and yelled, "get back I'm going to fucking shoot you, get back." *Id.* at 33. The officers scattered and took cover behind trees just off the driveway. *Id.* As a defense, Fleming introduced evidence that his mental state prevented him from forming the intent required to commit the crime. The jury found Fleming guilty of Class D felony intimidation.

By asking this court to overturn his conviction on the basis of the proof of intent, Fleming is essentially asking this court to reweigh the evidence. Our standard for reviewing sufficiency of the evidence claims is well settled. We do not reweigh the evidence or judge the credibility of the witnesses, and it lies within the jury's exclusive province to weigh conflicting evidence. *Eberle v. State*, 942 N.E.2d 848, 856 (Ind. Ct. App. 2011), *trans. denied.* We find sufficient evidence existed for a jury to believe that Fleming threatened the law enforcement officers and placed them in fear of retaliation for the prior lawful act of being on his property to investigate the report of a suicide attempt.

## II. Prosecutorial Misconduct

Fleming asserts that the deputy prosecutor engaged in prosecutorial misconduct during closing argument when he argued that the jury could not consider mental disease or defect because Fleming had not filed a "Notice of Insanity Defense." *Tr.* at 126. Specifically, Fleming contends that this comment impermissibly shifted the State's burden of proof.

The State contends that Fleming failed to properly preserve this argument for appellate review because, although he objected to the deputy prosecutor's statements, he did not request an admonishment or move for a mistrial when the trial court overruled his objection. "Generally, in order to properly preserve a claim of prosecutorial misconduct for appeal, a defendant must not only raise a contemporaneous objection, but he must request an admonishment and, if the admonishment is not given or is insufficient to cure the error, then he must request a mistrial. *Bass v. State*, 947 N.E.2d 456, 461 (Ind. Ct. App. 2011) (citing *Lainhart v. State,* 916 N.E.2d 924, 931 (Ind. Ct. App. 2009)), *trans. denied*. Here, the trial court overruled Fleming's objection to the prosecutor's comments; however, because Fleming "did not request an admonishment or move for a mistrial after the court made its rulings, he has waived his prosecutorial misconduct claims and must show fundamental error in order to be entitled to reversal." *Id.*; *see Brown v. State,* 799 N.E.2d 1064, 1066 (Ind. 2003) ("Because Brown failed to request an admonishment or move for a mistrial when the trial court overruled his objection, his claim of prosecutorial misconduct is procedurally foreclosed and reversal on appeal requires a showing of fundamental error.").

For prosecutorial misconduct to rise to the level of fundamental error, however, it must be so prejudicial to the rights of the defendant as to have made a fair trial impossible. *Cowan v. State*, 783 N.E.2d 1270, 1277 (Ind. Ct. App. 2003), *trans. denied.* In determining whether an alleged error rendered a judicial proceeding unfair, this court must consider whether the resulting harm or potential for harm is substantial. *Id.* A review of the totality of the circumstances and a determination whether the error had a substantial influence upon the outcome are required. *Id.*

Here, while acknowledging that voluntary intoxication was not a defense, Fleming's entire closing argument consisted of urging the jury to consider that the *combination* of Fleming's brain damage, panic disorder, suicidal ideation, and overuse of alcohol prevented him from forming the intent required to commit Class D felony intimidation. *Tr.* at 119-25. In response, the State pointed out that by failing to file a Notice of Insanity Defense, and thereby raise a defense of mental disease, Fleming could not dispute the evidence of intent by what in effect constituted an insanity defense. *Id.* at 126. Indiana Code section 35-41-3-6 provides that a person is not responsible for committing a crime if, because of mental illness, he or she "was unable to appreciate the wrongfulness of the conduct at the time of the offense." This is an affirmative defense upon which the defendant bears the burden of proof. *Thompson v. State,* 804 N.E.2d 1146, 1148 (Ind. 2004). Although the State must prove that a defendant acted with the requisite *mens rea*, it has no obligation to prove that a defendant was "sane." *Id.* (quoting *Lyon v. State,* 608 N.E.2d 1368, 1370 (Ind. 1993)). Contrary to Fleming's suggestion, the State was not required to prove that Fleming was of legally sound mind when he

committed the acts that constituted intimidation. The burden was on Fleming to present evidence that he was so mentally disturbed at the time of the incident that he could not appreciate the wrongfulness of his conduct. The prosecutor's comments did not shift the State's burden of proof and did not deprive Fleming of a fair trial. Fleming was not denied a fair trial. The error was not fundamental and, therefore, is waived.

Affirmed.

NAJAM, J., and MAY, J., concur.